**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| BLUEBONNET TELECOMMUNICATIONS L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC., <br><br> Defendant. | CIVIL ACTION NO. <br><br> <u>**JURY TRIAL DEMANDED**</u> |

<u>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**</u>

Plaintiff Bluebonnet Telecommunications, L.L.C. ("Bluebonnet") files this original complaint against Sony Ericsson Mobile Communications (USA) Inc., alleging, based on its own knowledge as to itself and its own actions and based on information and belief as to all other matters, as follows:

<u>**PARTIES**</u>

1.      Bluebonnet is a corporation formed under the laws of the State of Texas, with a principal place of business in Longview, Texas.

2.      Defendant Sony Ericsson Mobile Communications (USA) Inc. ("Sony Ericsson") is a corporation organized under the laws of the state of Delaware, with a principal place of business at 7001 Development Drive; PO Box 13969; Research Triangle Park, NC 27709.  Sony Ericsson can be served with process by serving its registered agent: Capitol Corporate Services, Inc.; 800 Brazos, Ste. 400; Austin, TX 78701.

## JURISDICTION AND VENUE

3.      This is an action for infringement of a United States patent arising under 35

U.S.C. §§ 271, 281, and 284–85, among others.  This Court has subject matter jurisdiction

of the action under 28 U.S.C. §1331 and §1338(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

Upon information and belief, Sony Ericsson has transacted business in this district and has

committed, by itself or in concert with others, acts of patent infringement in this district.

5.      Sony Ericsson is subject to this Court's specific and general personal

jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to

Sony Ericsson's substantial business in this forum, including: (i) at least a portion of the

infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in

other persistent courses of conduct, and/or deriving substantial revenue from goods and

services provided to individuals in Texas and in this district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,485,511

6.      On June 16, 1996, United States Patent No. 5,485,511 ("the 511 patent")

was duly and legally issued by the United States Patent and Trademark Office for an

invention entitled "Method and Apparatus for Determining the Telephony Features

Assigned to a Telephone."

7.      Bluebonnet is the owner of the 511 patent with all substantive rights in and

to that patent, including the sole and exclusive right to prosecute this action and enforce

the 511 patent against infringers, and to collect damages for all relevant times.

8.      Sony Ericsson, directly or through its customers and/or intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least the Xperia Arc S) that infringed one or more claims of the 511 patent.

9.      Sony Ericsson has and is directly infringing the 511 patent.

## ADDITIONAL ALLEGATIONS REGARDING INDIRECT INFRINGEMENT

10.     Sony Ericsson has and is indirectly infringing the 511 patent, both as an inducer of infringement and as a contributory infringer.

11.     The direct infringement underlying Sony Ericsson's indirect infringement consists of the use of the accused smartphones by end-user customers.

12.     Sony Ericsson induces end-user customers to use the accused smartphones, and specifically to use them in a manner that infringes the 511 patent.  They do so by (1) providing instructions to their customers that explain how to use the features of the accused devices that are accused of infringement (specifically those features that allow call forwarding and the display of whether the feature is activated); and (2) by touting the accused features of the smartphones.

13.     Sony Ericsson has contributed to the infringement of the 511 patent by end-user customer by making and selling the accused smartphones.  The accused features of the accused smartphones have no substantial use other than infringing the 511 patent.  In particular, the accused features that allow call forwarding have no practical use other than uses that infringe the 511 patent.  The use of these features of the accused smartphones for their intended purpose necessarily results in infringement of the 511 patent.

14.     Sony Ericsson has or will have knowledge of the 511 patent, as well as the fact that its customer's use of its smartphones infringes the 511 patent, since at least as early as the filing of this lawsuit.  Additionally, when it launched its smartphones, Sony Ericsson took inadequate steps to determine whether it would be infringing the intellectual property rights of others, such as Bluebonnet, and thus was willfully blind to the existence of the 511 patent.  Sony Ericsson thus induces/induced and contributes/contributed to acts of direct infringement with the specific intent that others would infringe the 511 patent.

15.     For the same reasons, Sony Ericsson's infringement has been or will be willful.

## PRAYER FOR RELIEF

Bluebonnet requests that the Court find in its favor and Sony Ericsson, and that the Court grant Bluebonnet the following relief:

a.     Judgment that one or more claims of the 511 patent have been infringed, either literally and/or under the doctrine of equivalents, by Sony Ericsson and/or all others acting in concert therewith;

b.     A permanent injunction enjoining Sony Ericsson and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the 511 patent;

c.     Judgment that Sony Ericsson accounts for and pays to Bluebonnet all damages to and costs incurred by Bluebonnet because of Sony Ericsson's infringing activities and other conduct complained of herein;

d.     That Bluebonnet be granted pre-judgment and post-judgment interest on the damages caused by Sony Ericsson's infringing activities and other conduct complained of

herein;

      e.     That this Court declare this an exceptional case and award Bluebonnet its

reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

      f.     That Bluebonnet be granted such other and further relief as the Court may

deem just and proper under the circumstances.

Dated: June 18, 2013                Respectfully submitted,

/s/ Califf T. Cooper by permission Elizabeth L. DeRieux
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Califf T. Cooper
Texas Bar No. 24055345
califf@ahtlawfirm.com
ANTONELLI, HARRINGTON &
THOMPSON LLP
4200 Montrose Blvd., Ste. 430
Houston, TX 77006
(713) 581-3000

S.  Calvin Capshaw, III
State Bar No. 03783900
Email:  ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
Email:  ederieux@capshawlaw.com
D. Jeffrey Rambin
State Bar No. 00791478
Email:  jrambin@capshawlaw.com
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
*Attorneys for Bluebonnet Telecommunications
L.L.C.*